IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DEVON MICHAEL SAPPLETON** | * | |
| Plaintiff | * | |
| v. | * | **Civil No. 14-3807** |
| | * | (Related to Criminal No. 01-284-3) |
| **UNITED STATES OF AMERICA** | * | |
| Defendant | * | |

## MEMORANDUM OPINION

Devon Michael Sappleton has filed a third Motion to Reduce Sentence, under 28 U.S.C. § 2255 and a fourth Motion to Vacate under 28 U.S.C. § 2255. *See* ECF Nos. 271, 276.[1] The Court has considered the Motions and the Government's Oppositions. For the reasons described below, the Court **DENIES** both Motions.[2]

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 2, 2002, a jury found Sappleton guilty of conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine, fifty grams or more of cocaine base, and 100 kilograms or more of marijuana in violation of 21 U.S.C. § 846, as well as possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922. ECF No. 288 at 1. Determining him to be a career offender pursuant to U.S.S.G. § 4B1.1, the Court sentenced Sappleton to a mandatory term of life imprisonment due to his two prior drug convictions. *Id.* at

---

[1] The contents of both of Sappleton's current Motions are identical and will therefore be considered together.
[2] Sappleton has also filed a Motion to Appoint Counsel. ECF No. 293. Since the Court finds it clearly lacks jurisdiction over the Motions, the Motion to Appoint Counsel is **DENIED.**
The Government filed, with its Opposition, a Motion to Seal the Government's Exhibit No. 1. ECF No. 286. The Government's Exhibit No. 1 is a Presentence Report that contains personal information about Sappleton that should not be open to public inspection. Since "any alternative to sealing does not provide sufficient protection," the Court **GRANTS** the Motion to Seal. D. Md. Loc. Adm. R. 105.11.

1

2. Sappleton appealed his sentence to the Fourth Circuit, which affirmed this Court's decision. His judgment became final on October 28, 2003. *Id.*

On November 17, 2004, Sappleton filed his first Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, which the Court denied. ECF No. 196. The Fourth Circuit denied his authorization to file a successive motion. *Id.* In February 2011, Sappleton filed a motion under the Federal Rules of Civil Procedure 60(b)(3), which the Court construed as a second or successive motion under 28 U.S.C. § 2255 and also denied. ECF No. 243.

Sappleton filed a third 28 U.S.C. § 2255 Motion to Reduce Sentence on November 6, 2014. ECF No. 271. The Court granted the Government's Motion to Stay Proceedings at that point pending the Fourth Circuit's decisions in *U.S. v. Whiteside*, 748 F.3d 541 (4th Cir. 2015) and *U.S. v. Foote*, 784 F.3d 931 (4th Cir. 2015). *Id.* at 2-3. In the meantime, Sappleton filed a fourth identical 28 U.S.C. § 2255 Motion to Vacate Sentence on December 5, 2014. ECF No. 276. The Government then filed a second Motion to Stay Proceedings on January 8, 2015, which the Court granted. ECF No. 279. The Fourth Circuit decided *Whiteside* and *Foote* cases on April 8, 2014 and April 27, 2015 respectively, and the stay in the present case was lifted. The Court now considers Sappleton's third and fourth 28 U.S.C. § 2255 Motions.

## II. ANALYSIS[3]

Under 28 U.S.C. § 2255, "[a] second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain" either newly discovered evidence that establishes the prisoner's innocence, or a new rule of law made retrospective by the Supreme Court. 28 U.S.C. § 2255. Under 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the

---

[3] While the Court denies Sappleton's 28 U.S.C. § 2255 Motions strictly on jurisdictional grounds, the Court in no way intends to suggest that Sappleton would have prevailed on the merits.

appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent proper certification from the court of appeals, the district court may not consider a petitioner's second or successive petition. *U.S. v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). The certification requirement applies to all of the claims in the 28 U.S.C. § 2255 Motion, "including those that would not be subject to the limits on successive applications if presented separately." *Id.*

Sappleton has filed two 28 U.S.C. § 2255 motions in the past and has not obtained certification from the Fourth Circuit to file these third and fourth petitions. Without such certifications, the Court lacks subject matter jurisdiction to consider the merits of the subsequent petitions.

### III. APPEALABILITY

Rule 11(a) under the Federal Rules Governing 28 U.S.C. § 2255 requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Fed.R.Gov. § 2255 Proc. 11(a). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2002); *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). The Court has reviewed pleadings and the record in this case. It finds that Sappleton has not made the requisite showing here.

### IV. CONCLUSION

For this reason, Sappleton's Motion to Reduce Sentence, ECF No. 271, and Motion to Vacate Sentence, ECF No. 276, are **DENIED**.

Sappleton's Motion to Appoint Counsel is **DENIED.**

The Government's Motion to Seal is **GRANTED**.

A separate Order will **ISSUE.**

                                                                                                                         /s/

                                                            **PETER J. MESSITTE**
                                      **UNITED STATES DISTRICT JUDGE**

**April 21, 2017**