# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   Crim. No. **01-284-PJM-3** |
| DEVON MICHAEL SAPPLETON, | * |
| | * |
| Defendant. | * |

## MEMORANDUM OPINION

On May 2, 2002, a jury found Defendant Devon Sappleton guilty of conspiracy to distribute and possess with the intent to distribute controlled substances in violation of 21 U.S.C. § 846 and possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922. After determining that Sappleton was a career offender pursuant to U.S.S.G. § 4B1.1 (based on two prior low-level drug offenses), the Court sentenced him to a mandatory term of life imprisonment. *See* Judgment (July 29, 2002), ECF No. 142. Sappleton appealed his sentence to the Fourth Circuit, which affirmed. Judgment Order, *United States v. Sappleton*, Nos. 02-4613, 02-4633 (June 24, 2003), ECF No. 70.

Since then, Sappleton has filed four prior motions to vacate, all of which the Court has denied. However, on April 7, 2020, the Court determined that Sappleton might be eligible for relief under section 404 of the First Step Act and appointed a federal public defender to represent him. Order (Apr. 7, 2020), ECF No. 310. On September 25, through appointed counsel, Sappleton filed the present Motion for a Reduced Sentence, ECF No. 337. The Government responded in opposition on October 21, ECF No. 347, and Sappleton replied on November 7, ECF No. 351. The Court now considers Sappleton's motion. For the following reasons, the Court will **GRANT** the requested relief.

## I.

A few months before the his trial, prosecutors served Sappleton with a sentencing enhancement notice under 21 U.S.C. § 851, identifying two prior "felony drug offenses" that he had committed between the ages of 18 and 21: (1) a 1993 conviction for cocaine possession resulting in a one-year sentence and (2) a 1996 conviction for cocaine possession with intent to distribute resulting in an 18-month sentence. His criminal history would have placed him in category IV, but because the two prior offenses in the section 851 notice qualified as predicate offenses for the career-offender enhancement, it raised his criminal history category to VI. *See* U.S.S.G. § 4B1.1. Sappleton thus faced a sentencing guideline range of 360 months to life on the conspiracy count, which the section 851 enhancement increased to mandatory life. *See* 21 U.S.C. § 841(b)(1)(A)(iii).

Of the five individuals convicted for the same conspiracy, only Sappleton received a life term; in contrast, the leader of the conspiracy received a 168-month term (after pleading guilty and cooperating against his codefendants), which was later reduced to the equivalent of a 135-month term. Other codefendants received lower sentences and had their terms subsequently reduced (ultimately to 292 months, 130 months, and 51 months, respectively).

Before filing the present motion, Sappleton exhausted his administrative remedies for compassionate release by submitting a request for a reduced sentence to the warden at his facility. The warden denied his request in June 2020.

## II.

The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, enacted in December 2018, allows a sentencing court to "impose a reduced sentence" on the motion of a criminal defendant who

2

meets certain requirements. In particular, the Act made three changes to the law that serve as a basis for the present motion.

First, section 603(b) of the Act amended 18 U.S.C. § 3582(c)(1)(A)(i) to give the sentencing judge jurisdiction to consider a sentence reduction based on "extraordinary and compelling reasons" whenever the defendant has exhausted his administrative rights or after 30 days have lapsed since the defendant's warden received his request. The Act now allows prisoners to petition the court for release directly, rather than relying on the Bureau of Prisons (BOP) to pursue compassionate release for those eligible.

Second, section 404 is expressly retroactive. This retroactivity is applicable to any defendant convicted of a "covered offense"—i.e., one committed before August 3, 2010, and carrying statutory penalties that were modified by the 2010 Fair Sentencing Act. First Step Act § 404(a). This section allows the court to impose a reduced sentence as if the relevant sections of the 2010 act "were in effect at the time the covered offense was committed." *Id.* § 404(b). The section further imposes two narrow limitations on the court's authority to consider a section 404 motion. *Id.* § 404(c). First, the court cannot entertain a section 404 motion when it has previously imposed or reduced a sentence in accordance with the 2010 act; second, the court cannot entertain a successive section 404 motion if it has already denied such a motion on the merits. *Id.* The court has discretion to deny relief even if an individual is eligible. *Id.*

Third, section 401 of the Act amended the sentencing enhancements under 21 U.S.C. § 851 in two relevant ways. It reduced the mandatory minimums following a section 851 notice from 20 to 15 years for one qualifying conviction and from life to 25 years for two or more qualifying convictions. 21 U.S.C. § 841(b)(1)(A). In addition, the amendment altered the kinds of convictions for which a section 851 enhancement could apply, including changing the broad "felony drug

offense" category (comprising simple drug possession) to the much narrower "serious drug felony" category (comprising manufacture or distribution punishable by at least 10 years, for which the defendant served at least 12 months within the last 15 years). *See* 21 U.S.C. § 802(44), (57).

### III.

Sappleton asks the Court to reduce his sentence for one or more of three reasons: (1) grant him compassionate release because of his high risk regarding COVID-19, (2) grant him compassionate release because of the gross disparity between his 2002 sentence and the sentence he would likely receive today, and (3) reduce his sentence under section 404 of the First Step Act. Since he has already completed a concurrent 10-year term imposed for his firearm-possession conviction, he asks the Court to reduce the sentence on his conspiracy conviction from life to 275 months (the rough equivalent of time served including good-time credit). The Court **GRANTS** Sappleton's request based on the gross sentence disparity and under section 404 of the First Act.

### A.

Sappleton asserts that two separate "extraordinary and compelling reasons" exist meriting compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i): (1) underlying medical conditions rendering him particularly vulnerable to grave illness if he were to contract COVID-19, and (2) changes in sentencing law and practice since his sentencing in 2002.

Sappleton first asks for compassionate release based on his obesity, combined with various other medical conditions, and the heightened risk of serious illness were he to contract COVID-19. The Court is not persuaded that he has demonstrated medical conditions justifying the imposition of a reduced sentence, and therefore the Court **DENIES** the request for compassionate release on this basis.

Sappleton next argues that the gross disparity between the mandatory life sentence Sappleton received in 2002 and the 15-year mandatory minimum term he would face today is an extraordinary and compelling reason to grant relief. The Court agrees.

Two principal factors create this disparity. First, the section 851 enhancement that he received caused his classification as a career criminal and mandated his life sentence but would not have the same effect today. The First Step Act both lowered the relevant minimum section 851 enhancement penalty from life to 25 years and narrowed the scope of its application, such that only one of Sappleton's two prior offenses would qualify. Moreover, as Sappleton notes, section 851 enhancements have generally become so disfavored that in 2016 they were applied in only five cases in this district—although more than half of drug-trafficking cases were eligible—making it highly unlikely that the enhancement would be applied at all if Sappleton were tried today. In all probability, then, the highest mandatory minimum he would face today is 15 years. The second factor creating the disparity is the different recommended sentencing guideline range: Today he would have a final offense level of 36 and criminal history category of IV, leading to a custody range of 262–327 months.

The Government has not offered any substantive arguments in rebuttal, instead suggesting that the Court lacks the independent authority to determine whether Sappleton is eligible for compassionate release on the basis that his sentence itself qualifies as "extraordinary and compelling" reason for release in light of this disparity. The Government asked the Court to stay its decision until the Fourth Circuit's ruling on this question in *United States v. McCoy*.[1] But the Fourth Circuit has since ruled in *McCoy*, and it confirmed that the sentencing court indeed has the authority to rule on this basis. *See* 981 F.3d 271 (4th Cir. 2020). The court stated that "[t]here is as

---

[1] The parties' briefs refer to *United States v. Bryant*, No. 20-6869, which the Fourth Circuit consolidated with *United States v. McCoy*, No. 20-6821, and others.

of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020)).

Accordingly, this Court indisputably has the authority to grant Sappleton relief based on the gross sentencing disparity between him and his codefendants, and the Court concludes that this disparity is a compelling reason to do so. Sappleton committed a serious but nonviolent crime. At trial, the Government described him as having received "portions of the cocaine or cocaine base from" the conspiracy leader but never having been involved in the "negotiating process" for purchasing cocaine. Sappleton is now 48 years old and has served nearly 23 years in custody—far longer than the leader of the conspiracy for which he was convicted served and higher than the lower end of the applicable guideline range for the same crime today. Furthermore, the sentencing factors under 18 U.S.C. § 3553(a) weigh in Sappleton's favor: he has an impressive record of rehabilitation during his incarceration, has shown that he has a strong and extensive support network ready to assist him upon his release, and has demonstrated the added desire to take on responsibility for caring for his aging parents.

The Court therefore **GRANTS** Sappleton's motion for compassionate release based on the gross disparity between the sentence he received on the conspiracy count in 2002 and the sentence he would receive for the same offense today.

## B.

Even if the sentencing disparity did not warrant compassionate release, the Court is persuaded that Sappleton's life sentence should be reduced pursuant to section 404 of the First Step Act.

Under Fourth Circuit precedent, Sappleton was unquestionably convicted of a "covered offense" under section 404(a): the offense was committed prior to August 3, 2010, and the applicable statutory penalties were modified in part by section 2 of the Fair Sentencing Act. *See United States v. Gravatt*, 953 F.3d 258, 258–59 (4th Cir. 2020) (finding First Step Act eligibility for defendant convicted of conspiracy involving both crack cocaine (a covered offense) and powder cocaine (a non-covered offense)); *see also United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019) (rejecting Government's argument that eligibility turns on the amount of drugs, rather than the statute of conviction). The Government conceded as much, instead merely arguing that the Court does not *have* to grant it. By contrast, Sappleton presented a compelling case that he merits this relief, based on the sentence that would be imposed for the same offense today, as well as the less severe sentences that were imposed on his coconspirators, even those with greater culpability. Those and other factors explained above, *see supra* at 6, warrant the exercise of the Court's discretion to grant relief under section 404.

Moreover, the Court is persuaded that it can, and indeed should, apply the current section 851 (i.e., as amended by section 401 of the First Step Act) in imposing a new sentence. *Cf. United States v. Chambers*, 956 F.3d 667, 673 (4th Cir. 2019) (holding that the district court erred in failing to apply intervening case law in calculating defendant's guideline range under the First Step Act). As an initial matter, it would be inconsistent with the remedial purpose of the First Step Act to apply statutory penalties that Congress has since reduced and restricted by narrowing the types of convictions that trigger enhanced penalties. *See United States v. Boulding*, 960 F.3d 774, 784 (6th Cir. 2020) ("[A] [section 404] resentencing predicated on an erroneous or expired guideline calculation would seemingly run afoul of Congressional expectations.").

Applying defunct statutory penalties would also be inconsistent with the text of section 404(b), which "expressly permits the court to 'impose a reduced sentence'—not to 'modify' or 'reduce,' which might suggest a mechanical application of the Fair Sentencing Act, but 'impose.'" *Chambers*, 956 F.3d at 672. Thus, "the word 'impose' contemplates a sentencing process that begins essentially *ab initio*, without any carry-over effect from the original sentence and with the full range of considerations typically at play during a sentencing, including the law in effect at the time of the sentencing and the sentencing factors under 18 U.S.C. § 3553(a)." *United States v. Day*, 474 F. Supp. 3d 790, 801 (E.D. Va. 2020) (applying section 401, and thus the changes to section 851, in a section 404 resentencing).

Section 401 narrows the scope of section 851 enhancements such that Sappleton would not today be considered a career criminal. The Government's argument on this issue focuses only on the fact that section 401 is not, on its own, retroactive. The Government is correct that section 401 is not itself retroactive, but Sappleton is also right that if the Court imposes a new sentence pursuant to section 404, then it should apply the sentencing law of today, including the effect of section 401 on section 851 enhancements.

Thus, alternatively, the Court **GRANTS** Sappleton's motion under section 404 of the First Step Act.

## IV.

For the foregoing reasons, the Court **GRANTS** Sappleton's motion for a reduced sentence both under 18 U.S.C. § 3582(c)(1)(A)(i) and under section 404 of the First Step Act and imposes a reduced sentence of 275 months of incarceration, or time served.

A separate order will issue.

Date: February 16, 2021

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE